IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

C.E., A MINOR, BY AND THROUGH B.E.,
PARENT,

      Plaintiff,

v.                                    CIVIL ACTION NO.: 2:25-cv-495

DR. RYAN SCHUBART, *et al.*,

      Defendants.

## AGREED PROTECTIVE ORDER

The parties, by counsel, have filed a joint motion for entry of this Agreed Protective Order ("Order") to govern the use and dissemination of certain information or documents that the parties and nonparties may produce in discovery in this case.

It appearing to the Court that the joint motion is proper, the joint motion is GRANTED. The use and dissemination of confidential information and documents is governed as follows:

1.      The term "Discovery Material" as used herein shall mean any type of document, electronic information, interrogatory answers, answers to requests for admission, deposition transcripts, oral testimony, physical objects, samples, or any items of any kind produced to any party in response to any discovery request or subpoena in this action. It does not apply to any material or information in the possession, custody, or control of any party prior to the commencement of litigation and prior to the discovery process in this litigation, except to the extent that federal or state law mandates ongoing confidentiality in material or information acquired prior to litigation or as provided in Paragraph 2 of this Order. Specifically, any other provision of this Order notwithstanding, no school-related material in the pre-litigation possession, custody, or control of Plaintiff or the parent by whom he sues, is within the scope of, or controlled by, this

1

Order, unless such school-related material contains information concerning minor children, which materials shall be treated in accordance with Rule Federal Rules of Civil Procedure 5.2.

2.    This Order applies to Discovery Material that is designated as "Confidential" by a party or by a nonparty when producing documents or information in response to a discovery request or a subpoena. A party may designate material as Confidential Discovery Material only when it in good faith concludes that the Discovery Material contains confidential or sensitive information, including appropriate education records, personnel and employment records, financial records, medical information, and other sensitive or non-public information or documents properly deemed confidential. To the extent the Discovery Material contains both Confidential and non-Confidential information, a party may designate as "Confidential" those portions of Discovery Materials that qualify.

3.    Except as otherwise provided herein, information subject to the Family Educational Rights and Privacy Act ("FERPA") may only be disclosed in accordance with the notice and other provisions of FERPA. If a party requests discovery of information protected by FERPA, and if Defendants do not, or the School Board of the City of Virginia Beach ("School Board") does not, object to such a request on any ground other than FERPA or if such other objection is overruled, then Defendants and/or the School Board must provide the affected current or former students (if minors, then their parent(s) or legal guardians (s)) with written notice that such FERPA-protected information has been requested in this action, that confidential disclosure of such information is authorized by this Order, and that they may object to the disclosure of such information within 10 days of the date of the notice either by notifying counsel for the School Board and the parties of such objection or by filing an objection with the Court. If objection is made solely to Defendants' counsel or counsel for the School Board, counsel will

2

promptly forward same to the parties' counsel. If timely objection is made by or on behalf of the affected student, the interested parties will promptly bring the objection to the attention of the Court for resolution. If no timely objection is made by a student or parent or guardian, Defendants and/or the School Board may produce the requested information or documentation without redactions without further notice to the affected or former student (if minors, then their parent(s) or legal guardians(s)); provided, that in any court filings the filing party will use only the initials of the minors.

4.      Nothing in this Order prevents any party from objecting during a deposition to questions that might require the disclosure of information or documents protected by FERPA. In the event the parties cannot resolve the matter, it will be brought promptly to the Court for resolution.

5.      Designation of a document or written response to discovery as subject to the terms of this Order shall be made by clearly marking the document or response as "CONFIDENTIAL" on every page of the document or pleading in a conspicuous location.

6.      When Confidential Discovery Material is discussed, quoted, or referred to in any deposition or hearing, the party claiming confidentiality may request the court reporter to designate appropriate portions of a deposition as "Confidential" by indicating on the record that the matter is Confidential Discovery Material, or by notifying the opposing party in writing within 10 business days of the availability of the transcript of the pages and lines that are confidential. Disagreements as to any such claims of confidentiality will be submitted to the Court for decision. Discovery Material disclosed at a deposition that is not designated as Confidential under the procedure set forth above shall not thereafter be designated as Confidential.

3

7.   The following persons may have access to Confidential Discovery Material, subject to the requirements contained in paragraph 8 of this Order:

a.   counsel of record for the parties and the School Board Attorney for the School Board (and the employees, agents, and vendors of such counsel);

b.   insurance representatives handling the claim who have a need for such information to evaluate the claims and defenses asserted in this case;

c.   the parties to this action;

d.   expert witnesses retained by the parties to testify in this action or who are reasonably necessary to assist counsel of record for any party in the preparation of trial or the trial of this action;

e.   witnesses, potential witnesses, deponents, and their counsel, during the course of a deposition or hearing, or to the extent necessary for investigation into the claims and defenses or preparation of a deposition or hearing; provided, that FERPA-protected information and documents may be addressed with potential witnesses on a good-faith, need-to-know basis;

f.   court personnel or court reporters engaged in this action.

8.   Discovery Material designated "Confidential," including the actual document or response, and the subject matter thereof, shall not be disclosed to anyone other than the persons listed in paragraph 7 to the extent necessary for discovery, including depositions, or for preparation for trial, hearing, or any other proceeding in this case or for purposes of evaluating the claims and defenses asserted in this case. Counsel will advise all persons to whom Confidential Discovery Material is disclosed the terms of this Order; and that they are not permitted to disclose the documents or the subject matter thereof.

4

9.      Nothing herein shall prevent disclosure of Confidential Discovery Material if each party designating the Discovery Material as Confidential consents to such disclosure. Nor shall anything in this Order prevent or restrict counsel for any party in any way from inspecting, reviewing, using, or disclosing its own documents or any Confidential Discovery Material that was produced or provided by that party.

10.      All Discovery Material covered by this Order is to be used for the limited purpose of prosecuting, analyzing, and/or rebutting the claims and defenses of the parties in this litigation and shall not be used for any other purposes.

11.      If any person or entity other than a party to this litigation requests or demands, by subpoena, document request, or otherwise, any of the Confidential Discovery Material from any party, such party will immediately notify the party who produced the Confidential Discovery Material or counsel for the party who produced the Confidential Discovery Material, including in such notice, to the extent reasonably practical, the identity of which documents by bates range have been requested, and shall make reasonable efforts to afford the party who produced the Confidential Discovery Material the opportunity to protect its interests by motion or otherwise in the appropriate forum.

12.      Neither the designation of Discovery Material as "Confidential" nor the treatment by any party of such designated Discovery Material as "Confidential" shall constitute an admission by any party that the designated Discovery Material constitutes admissible or relevant evidence in this action. The Parties expressly preserve the right to object to the designation of particular Discovery Material as "Confidential" or to object to the production or the admissibility at trial of such Discovery Material on any basis available under applicable law.

5

13.    In the event of disagreement between the parties as to a claim of confidentiality, counsel are required promptly to attempt to resolve their differences. If this does not lead to resolution, the matter will be promptly brought to the Court for resolution. Pending resolution by the Court, the matter at issue will be maintained as confidential as per this Order. The burden of justifying a claim of confidentiality rests with the party asserting it, and the fact that this order has been agreed to or entered to facilitate discovery has no bearing on the Court's determination whether a given matter is confidential within the meaning of this order.

14.    The inadvertent production of a whole or portion of a privileged or otherwise protected document ("Inadvertently Produced Document") by any party during the litigation shall be without prejudice to any claim that the Inadvertently Produced Document is privileged or otherwise protected and no party shall be held to have waived any rights by such inadvertent production. Upon written notice from the party who produces an Inadvertently Produced Document that identifies the grounds of any applicable privilege, the receiving party shall within 5 business days after receipt of the producing party's request either (a) return all copies of the Inadvertently Produced Document and thereafter shall not use such information for any purpose absent further Order of the Court; or (b) contest the privilege designation, after which the producing party shall have 5 business days to file a motion seeking recovery of the Inadvertently Produced Document, unless otherwise agreed.

Until such time as the Court has ruled or the parties have otherwise agreed, the challenged Inadvertently Produced Document shall not be used, disclosed, or referred to for any purpose, except that such Inadvertently Produced Document may be submitted to the Court for *in camera* review. The above notwithstanding, if by the time notice is received that a document or information was inadvertently produced it has been shared with a potential witness, counsel for

6

the parties will confer in an effort to reach agreement on how to proceed, failing which either party may seek relief from the Court. Pending judicial decision, the witness will be directed to retain the document in confidence.

15.     Within 30 days after the conclusion of this litigation, including any appeals thereof, and on receipt of notice by the producing party, counsel will destroy all copies of Confidential Discovery Material produced to them by another party, except any exhibits of record, and certify that destruction in writing to counsel for the producing party. It shall be the specific responsibility of counsel in possession of Confidential Discovery Material or who distributed the Confidential Discovery Material to any persons listed in paragraph 6 of this Order to ensure that the documents are destroyed. Notwithstanding this provision, lead counsel of record for the parties may retain one copy of all Confidential Discovery Material for their files, subject to the ongoing obligation to maintain the confidentiality of such material as set forth in this Order.

16.     Any document or other material which a party seeks to file under seal shall be filed and handled in accordance with Local Rule 5 of the Local Rules for the United States District Court for the Eastern District of Virginia.

/s/
Douglas E. Miller
United States Magistrate Judge

Douglas E. Miller
United States Magistrate Judge

Norfolk, Virginia
Date:  August 4, 2026